[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11352
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01130-SCJ


JOHNSON LANDSCAPES, INC.,

                                        Plaintiff - Appellant,

versus

FCCI INSURANCE COMPANY,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(October 16, 2015)

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Appellant Johnson Landscapes, Inc. (Johnson Landscapes) appeals the district court's order granting summary judgment in favor of Appellee FCCI Insurance Company (FCCI) in an action for declaratory relief and for damages arising from FCCI's alleged bad-faith refusal to provide coverage and defend. Johnson Landscapes initially filed suit under O.C.G.A. § 9-4-2 and O.C.G.A. § 33-4-6 after FCCI refused to extend coverage and defend against claims stemming from the collapse of several retaining walls built by Johnson Landscapes at a shopping mall.[1]  The wall failures began in 2007 and continued until 2011.

On appeal, Johnson Landscapes contends that disputed issues of fact exist as to whether timely notice of its insurance claims was provided to FCCI via Johnson Landscapes's independent insurance agent, Yates Insurance Agency (Yates). Moreover, Johnson Landscapes contends that notice to Yates was sufficient to constitute notice to FCCI since Yates served as a dual agent for both Johnson Landscapes and FCCI.  Finally, Johnson Landscapes contends that even if notice to Yates was insufficient to constitute notice to FCCI, its delay in directly notifying FCCI in 2011 is excusable because under the circumstances, such a delay was reasonable and justified.

After consideration of the parties' briefs and upon thorough review of the record, we agree with the district court that notice was a condition precedent under

---

[1]Johnson Landscapes also asserted a claim pursuant to O.C.G.A. § 13-6-11 for attorney's fees and costs.

the policy; that "Yates was not a dual agent acting on behalf of both Johnson Landscapes and FCCI"; and that, under the circumstances, "a four year delay clearly is not prompt notice and Johnson Landscape's 2011 notice was untimely." Thus, Johnson Landscapes's failure to provide prompt notice relieved FCCI of any duty to defend or provide coverage pursuant to the insurance policy between it and Johnson Landscapes.  Accordingly, summary judgment was properly entered, and we affirm the order of the district court.

**AFFIRMED.**